[Civ. No. 17329. Second Dist., Div. One. May 31, 1950.]

DOROTHEA F. MURDOCH, Appellant, v. NORMAN L. MURDOCH, Respondent.

Hahn, Ross, Goldstone & Saunders for Appellant.

Leon W. Delbridge for Respondent.

DORAN, J.—As stated in appellant's brief, "This is an appeal in a divorce case. The appeal was not taken from that portion of the Interlocutory judgment of Divorce granting a divorce, but rather from that portion . . . awarding appellant certain property and awarding respondent certain property, and that portion which awarded appellant support and maintenance for only 12 months." After an appeal from the judgment in plaintiff's favor, there was a denial of plaintiff's motion for attorney fees, costs and alimony pending appeal, from which order plaintiff also appealed. The two appeals have been consolidated.

Mr. and Mrs. Murdoch were married April 23, 1938, at which time both parties were employed. Thereafter, as set forth in appellant's brief, the husband "went to work in a business owned by his uncle called William A. Lohlker Co. after an opportunity presented itself to acquire a one-half interest. . . . Appellant wife and respondent husband both worked in the company, she selling wall paper and he taking case of the books. Thereafter respondent husband went into the service and the appellant wife managed the entire business during the war years. Upon the husband's return . . . he resumed the management . . ."

The record affords evidence that in the fall of 1939 the husband's mother prevailed in certain litigation with a brother, William A. Lohlker in respect to the business in which the mother held 110 shares of stock. The elder Mrs. Murdoch then negotiated a purchase of the remaining 110 shares at a price of $1,500, for the purpose of gaining complete control of the corporation. To make this purchase the husband's mother increased a loan on certain Altadena property, and according to the husband's testimony, "the balance of it (purchase price) came from my wife." The loan by the wife, approximately $574, "was evidenced by a promissory note from respondent husband secured by a pledge of 40 shares of stock."

The husband testified that "the stock instead of going around through my mother's hands and then to mine, she directed it to me," and that "it was her (the mother's intent to give (me) the whole 110 shares," but on the attorney's suggestion it was considered "that it might be better if she gave me only 100 and retained the remaining 10 for herself, so she could have control of the business." There is evidence that loans were both repaid out of the corporate earnings.

■ Appellant complains that Finding No. V of the trial court, "That it is true that the defendant-cross-complainant

is the owner of one hundred (100) shares of stock of William A. Lohlker, Inc. . . . but it is not true that said stock is community property," is erroneous and not supported by the evidence.

The record discloses testimony from the mouth of the defendant who was in charge of the books of the corporation that accounts were set up showing moneys due to the husband and wife for expenses incurred, for bonuses and salary due "which were set up for the purpose of convenience and to increase the operating expense of the corporation"; that both the loan negotiated by defendant's mother and by the wife, used in purchasing the stock, were paid directly with corporate funds; and that "these withdrawals were in excess of the established rate of salary that you and she (husband and wife) provided for in the minutes"; that funds were likewise withdrawn and paid to the defendant's mother for living expenses; and that at the end of the business year "the total accumulation" was taken and charged off to the corporation as salary expense, apparently for tax purposes, and that no dividends were declared.

If the above evidence was believed by the trial court, it cannot be said that the finding in question was not supported by substantial evidence tending to show that the stock given to the son by the mother, eventually paid for out of corporate funds, was therefore separate rather than community property. It is true, as pointed out by appellant, that a contrary conclusion might have been drawn from other evidence in the record. The theories adopted by the opposing parties on this matter were directly in conflict as was the evidence from which such theories were evolved.

It is conceded in appellant's brief that "when a finding of fact is attacked on the basis of insufficiency of the evidence that the Appellate Court will not weigh the evidence but will accept any evidence in support of the finding and any evidence by the respondent." In view of the present record the above rule will prevent further consideration of this point.

A similar contention is made in respect to Finding No. VI, stating: "It is not true that there is any money due and owing to the defendant-cross complainant from William A. Lohlker, Inc." Appellant mentions that there is testimony which reflected an indebtedness of approximately $5,000 owing to the husband, which would be in the nature of community property which should have been divided by the trial court.

Respondent's brief answers this argument by stating: "The evidence showed that appellant and respondent determined at their pleasure how much money they would take out of the business, without the knowledge, consent or approval of Louise L. Murdoch as majority stockholder and director; that they both withdrew from the corporation more than they were entitled to and that therefore they were, in fact, obligated to the corporation rather than the reverse (Rep. Tr. p. 97, lines 4-18)." The effect of this theory and evidence is not, as appellant claims, to convert a divorce action into one involving a corporation not made a party to the action. Its sole relation to the issues herein is in respect to any indebtedness alleged to be owing by the corporation to the respondent, claimed by appellant to be community property. And since such evidence and conclusions reasonably to be drawn therefrom, would directly support the trial court's finding that such indebtedness did not exist, under the rule hereinbefore mentioned, further appellate consideration is foreclosed.

Appellant's further contentions that the trial court erred in awarding alimony for only one year, and in denying the wife's motion for attorney fees, costs and alimony pending the appeal, involve matters of discretion not subject to appellate review in the absence of abuse which is not made to appear in the present appeal.

The judgment and order appealed from are affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied June 21, 1950, and appellant's petition for a hearing by the Supreme Court was denied July 27, 1950.